IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cr-30099-SMY-1 |
| | ) |
| TRAVIS D. SHUBERT, | ) |
| | ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

Defendant Travis D. Shubert was sentenced on January 26, 2023 to 24 months' imprisonment for Attempted Use of Interstate Facilities to Transmit Information about a Minor in violation of 18 U.S.C. §2425 (Docs. 84, 87). Shubert recently filed a *pro se* motion seeking a sentence reduction under Amendment 821 to the United States Sentencing Guidelines (Doc. 89). Pursuant to SDIL Administrative Order 362, Assistant Federal Public Defender Todd M. Schultz entered his appearance on Shubert's behalf to determine his eligibility for a sentence reduction (Doc. 91).

Subsequently, AFPD Schultz moved to withdraw, asserting that Shubert was ineligible for a sentence reduction under Amendment 821 because the instant offense of conviction is a sex offense (Doc. 92). Shubert filed an objection on the grounds that his offense of conviction was not a sex offense (Doc. 95). AFPD Schultz then amended his motion to withdraw, acknowledging that Shubert's offense of conviction is not a sex offense, but asserting that he is ineligible for a sentence reduction because his original sentence of 24 months is below the low end of his amended guideline range (Doc. 93). Shubert did not file any objection to the amended motion to withdraw.

Amendment 821 to the United States Sentencing Guidelines, related to criminal history, became effective on November 1, 2023. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new § 4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Amendment 821 is retroactive, but a court may not order the release of a defendant prior to February 1, 2024. *See* Amendment 825 to USSG § 1B1.10, effective November 1, 2023.

When considering a retroactive Guidelines amendment, the Court must first determine a defendant's eligibility for sentence modification and what amended guideline range would have been applicable to the defendant. If a new sentence is authorized under those conditions, the Court, in its discretion, may determine whether a lower sentence within the amended Guidelines range is warranted upon consideration of the factors listed in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 826-27 (2010).

Shubert's total offense level at sentencing was 23 and his criminal history category was I. His Guidelines sentencing range was 46 to 57 months. A below guideline sentence of 24 months was imposed. Under Amendment 821, Shubert's total offense level would be reduced from 23 to 21, which results in a lower Guidelines sentencing range of 37 to 46 months. Since Shubert's current sentence is less than the minimum of the amended guideline range, it cannot be reduced. *See* §1B1.10(b)(2)(A). Therefore, Shubert is not eligible for a sentence reduction.

Accordingly, the motion to withdraw (Doc. 92) is **GRANTED** and motion to reduce pursuant to Amendment 821 (Doc. 89) is **DENIED**.

IT IS SO ORDERED.

DATED: March 18, 2024

**STACI M. YANDLE**
United States District Judge